ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| URS Federal Support Services, Inc. | ) ASBCA No. 60364 |
| | ) |
| Under Contract No. FA8108-09-D-0006 | ) |
| Task Order No. 0055 | ) |

APPEARANCES FOR THE APPELLANT:    Thomas O. Mason, Esq.
                                  Francis E. Purcell, Jr., Esq.
                                  Erin M. Estevez, Esq.
                                    Cooley LLP
                                    Washington, DC

APPEARANCES FOR THE GOVERNMENT:   Jeffrey P. Hildebrant, Esq.
                                    Air Force Deputy Chief Trial Attorney
                                  Maj George M. Ebert, USAF
                                  Christopher M. McNulty, Esq.
                                    Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON THE GOVERNMENT'S MOTION TO DISMISS WITHOUT PREJUDICE

This appeal arises from a final decision demanding payment from appellant of about $1.2 million, which the contracting officer has now withdrawn. The government has moved to dismiss without prejudice. Appellant agrees that the appeal should be dismissed but contends that it should be with prejudice. We dismiss the appeal as moot.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On 17 May 2013, the Air Force awarded appellant a task order that called for it to provide aircraft maintenance support services at a base-year price of $7,105,724.27 (R4, tab 14; compl. & answer ¶¶ 19-20).

On 6 November 2015, a contracting officer issued a final decision demanding repayment of $1,211,286.47 due to insufficient manning under the firm-fixed-price contract line item numbers for the task order (R4, tab 139). Appellant filed this appeal on 11 December 2015; the government filed an answer on 25 March 2016. On 7 June 2016, appellant filed a motion for summary judgment.

On 29 July 2016, the government filed a motion to dismiss without prejudice. Attached to the motion is a memorandum from the contracting officer to appellant issued the previous day stating that the contracting officer's final decision was "rescinded without prejudice." The contracting officer further stated that "if it is

determined in the best interest of the Government, the Contracting Officer reserves the right to assert a revised claim based upon a different legal theory on this matter."

## DECISION

The only issue before us at the moment is the precise form of dismissal for this appeal. Thus, we do not address whether the government can reassert this claim under a different legal theory.

When a contracting officer rescinds a government claim and the final decision asserting that claim, the voluntary action moots the appeal, leaving the Board without jurisdiction to entertain the appeal any further. *Combat Support Associates*, ASBCA Nos. 58945, 58946, 16-1 BCA ¶ 36,288; *L-3 Communications Integrated Systems, L.P.*, ASBCA Nos. 60431, 60432, 16-1 BCA ¶ 36,362.

This appeal is in one respect different from *Combat Support Associates* and *L-3* because the contracting officer in this appeal has reserved the right to issue another final decision seeking repayment on a different legal theory. By contrast, in *Combat Support Associates* the contracting officer stated that she had no intention of issuing another final decision disallowing the costs that had been at issue. *Combat Support*, 16-1 BCA ¶ 36,288 at 176,972. In *L-3*, the contracting officers did not state whether the government intended to reassert the claims that had been withdrawn. *L-3*, 16-1 BCA ¶ 36,362 at 177,252.

Despite this difference from our recent precedent, we conclude that the mere possibility that the contracting officer could reassert the claim based on some unidentified legal theory does not change our determination that the appeal must be dismissed as moot. In our view, the overriding consideration is that the final decision providing the jurisdictional basis for this appeal no longer exists and the government cannot enforce its repayment demand. Put another way, there is simply no live controversy for the Board to adjudicate.

As appellant observes, in the past we have sometimes dismissed appeals with prejudice when the contracting officer withdrew his or her final decision. *KAMP Systems, Inc.*, ASBCA No. 54253, 09-2 BCA ¶ 34,196. However, we subsequently clarified that such dismissals are without prejudice as to the merits, *Combat Support*, 16-1 BCA ¶ 36,288 at 176,973 (citing, *inter alia*, *Lasmer Industries, Inc.*, ASBCA No. 56411, 10-2 BCA ¶ 34,491), and, as cited above, in recent years we have dismissed such appeals as moot.

## CONCLUSION

This appeal is dismissed as moot.

Dated: 5 December 2016

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60364, Appeal of URS Federal Support Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3